IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE GARCIA, MARK WILBURN, JOSE LUIS VAZQUEZ, JOSE CABALLERO, AMERICAL FUENTES, FRANCISCO MARTINEZ-VILLARREAL, JOSE MEJIA, KENNETH POWELL, ROSA RAMIREZ, ALEX SANTOS, DULCE SANTOS, JAMES STEPHENS, AARON DUNNING, ALBERT FOKS, and GABRIEL STRASSER on behalf of themselves and all other persons similarly situated, | § § § § § § § § § § § § § | CIVIL ACTION NO. 4:17-cv-1601  JURY TRIAL DEMANDED |
| *Plaintiffs*, | § § | |
| v. | § § | |
| VASILA A/K/A "VAUNA" PETERSON; ROBERT PETERSON; ORMANDO GOMEZ; ALL MY SONS OF DENTON COUNTY, INC.; GRAEBEL VAN LINES HOLDINGS, LLC d/b/a GRAEBEL MOVING SERVICES; GRAEBEL VAN LINES, LLC; GRAEBEL/ HOUSTON MOVERS, LLC; GRAEBEL MOVING AND WAREHOUSE CORP.; GRAEBEL/NORTH CAROLINA MOVERS, LLC; MIDCAP FINANCIAL, LLC and JOHN DOES 1-10. | § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO AMEND
COMPLAINT AND EXTENSION OF TIME TO RESPOND TO MID-CAP'S
12(B) MOTIONS AND PARTIES' JOINT MOTION FOR EXTENSION OF
TIME TO FILE RULE 26(F) REPORT AND SCHEDULING/DOCKET
CONTROL ORDER**

Plaintiffs Jose Garcia, Mark Wilburn, Jose Luis Vazquez, Jose Caballero, Americo Fuentes, Francisco Martinez-Villarreal, Jose Mejia, Kenneth Powell, Rosa Ramirez, Alex Santos, Dulce Santos, James Stephens, Aaron Dunning, Albert Foks, and Gabriel Strasser ("Plaintiffs"), asks the Court to enter an order granting Plaintiffs leave to amend and extending certain deadlines. In support of this motion, Plaintiffs show the Court the following:

## I.
## BACKGROUND & REQUESTED RELIEF

1. Plaintiffs filed this cause of action on May 26, 2017 against Defendants Vasilia a/k/a "Vauna" Peterson, Robert Peterson, Ormando Gomez, All My Sons of Denton County, Inc., Graebel Van Lines Holdings, LLC d/b/a Graebel Moving Services, Graebel Van Lines, LLC, Graebel/Houston Movers, LLC, Graebel Moving and Warehouse Corp., Graebel/North Carolina Movers, LLC, MidCap Financial, LLC and John Does 1-10 alleging violations of the Fair Labor Standards Act ("FLSA"), as well as breach of contract, quantum meruit, and common law fraud. (ECF No. 1).

2. On July 19, 2017, Defendant MidCap Financial Trust ("MidCap") filed an executed waiver of service pursuant to Federal Rule of Civil Procedure 4(d), (ECF No. 11), making its responsive pleading due on August 14, 2017.

3. On July 26, 2017, MidCap moved to dismiss Plaintiffs' complaint for lack of personal jurisdiction, improper venue, and failure to state a claim, pursuant

to Rule 12(b)(2),(3), and (6), respectively (ECF No. 12), as well as an accompanying memorandum of law in support thereof.  (ECF No. 15).

4. Aside from MidCap, no defendants have filed responsive pleadings in this case.  Plaintiffs' response to MidCap's 12(b) motions are due Wednesday, August 16, 2017.

5. Plaintiffs respectfully request, with no opposition from MidCap, the following relief:

> a. a fourteen (14) day extension for Plaintiffs to respond to MidCap's 12(b) motions, resulting in a new proposed deadline of Wednesday, August 30, 2017; and
>
> b. a corresponding fourteen (14) day extension for Plaintiffs to amend their complaint with leave of court pursuant to Rule 15(a)(2), resulting in a new proposed deadline of Wednesday, August 30, 2017.

6. Additionally, the parties jointly request a thirty (30) day extension of the deadline for counsel to confer about, prepare, and file a joint discovery/case management plan pursuant to Rule 26(f) and submit a Scheduling/Docket Control Order, which the Court has currently set for September 29, 2017, resulting in a new proposed deadline of Monday, October 30, 2017.  (ECF No. 2).

4830-3413-5372, v. 1

## II.
## ARGUMENT & AUTHORITIES

7. Plaintiffs' requests for leave and time extensions and the parties' joint request for additional time to file a Rule 26(f) report and scheduling order are made in good faith. None are made with the intent to delay.

8. With respect to the Plaintiffs' unopposed motion for an extension of the deadline to respond to MidCap's 12(b) motions, Plaintiffs represent that they intend to file an amended complaint in order to cure some or all of the alleged deficiencies that MidCap identifies in its motion.

9. In that vein, and with respect to Plaintiffs' unopposed motion for leave to amend their complaint, Rule 15(a)(2) provides that "the [C]ourt should freely give leave when justice so requires." As the Fifth Circuit has noted, "[t]his standard favors leave as a necessary companion to notice pleading and discovery." *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 367 (5th Cir. 2001). The factors that the Court ought to consider include: (1) whether the amendment will cause undue delay; (2) whether the motion for leave to amend is made out of bad faith or with dilatory motive; (3) whether the party seeking such relief has exhibited a frequent failure to cure deficiencies by previous amendments; and (4) any undue prejudice to the opposing party; and (5) the futility of any such amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

-5-

10. None of the considerations recounted in the preceding paragraph disfavor leave to amend. No undue delay will ensue insofar as the only Defendant who has appeared in this Court is MidCap, necessarily meaning that an extension of time will not create a logjam of pre-answer matters. Plaintiffs represent that this motion for leave is not made out of bad faith or with dilatory motive, but instead is a good-faith attempt by Plaintiffs to craft a complaint that cures some or all of the alleged pleading deficiencies that MidCap has identified in its pending 12(b) motion. As this is Plaintiffs' first motion for leave, it cannot be said that it reflects a frequent failure on the part of Plaintiffs to cure deficiencies by previous amendment. The fourth factor concerning any undue prejudice to the opposing party is inapplicable, here, because MidCap—the only Defendant to have appeared—does not oppose the relief requested by Plaintiffs in this Motion. And finally, there is no argument or evidence that Plaintiffs' amendment will be futile.

11. Lastly, regarding the parties' joint motion for extension of the Court's current deadline to file a Rule 26(f) report and scheduling order, the parties seek this extension in order to afford ample time for the parties to complete the pending Rule 12(b) briefing and confer about discovery and case-management in light of Plaintiffs' forthcoming amended complaint.

12. The parties pray that the Court take up these Motions on an expedited basis and grant the requested leave and extensions given the current deadlines of

-6-

Wednesday, August 16, 2017 for Plaintiffs to amend their complaint and respond to MidCap's pre-answer motions to dismiss.

## III.
## CONCLUSION & PRAYER

Based on the foregoing, Plaintiffs now move, unopposed, for: (i) leave to amend their complaint pursuant to Rule 15(a)(2) on or before Wednesday, August 30, 2017; and (2) a fourteen (14) day extension of time to respond to MidCap's pending pre-answer motions to dismiss, allowing Plaintiffs to file responses on or before Wednesday, August 30, 2017.  Finally, the parties jointly move for a thirty (30) day extension of the Court's current deadline of September 29, 2017, to file a Rule 26(f) report and Scheduling/Docket Control Order, resulting in a new deadline of October 30, 2017.

**Dated: August 14, 2017**           Respectfully submitted,

*/s/ Benjamin W. Allen*
Benjamin W. Allen
State Bar No. 24069288
Federal I.D. No. 1058996
FELDMAN & FELDMAN, P.C.
3355 West Alabama St., Suite 1220
Houston, Texas 77098
Telephone: (713) 986-9471
Facsimile: (713) 986-9472
ben.allen@feldman.law

**ATTORNEY OF RECORD AND CO-LEAD COUNSEL FOR PLAINTIFFS**

Robert H. Ford
State Bar No. 24074219
Federal I.D. No. 1392569
FOGLER, BRAR, FORD, O'NEIL & GRAY LLP
711 Louisiana St., Suite 500
Houston, Texas 77002
Telephone: (713) 325-8241
Facsimile: (713) 574-3224
rford@fbfog.com

**CO-LEAD COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

I hereby certify that, on August 10, 2017, I conferred telephonically with Jamil Alibhai, lead counsel for Defendant MidCap Financial Trust, and Mr. Alibhai represented that MidCap is UNOPPOSED to: (i) Plaintiffs' motion for leave to amend their complaint; and (ii) Plaintiffs' motion for extension of time to respond to MidCap's pre-answer motions to dismiss. I further certify that, on August 10, 2017, I conferred telephonically with Mr. Alibhai, and he represented that MidCap joins Plaintiffs in their motion for an extension of the deadline to file a Rule 26(f) report and Scheduling/Docket Control Order.

*/s/ Benjamin W. Allen*
Benjamin W. Allen

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure by filing through the Court's ECF System on August 14, 2017.

*/s/ Benjamin W. Allen*
Benjamin W. Allen

4830-3413-5372, v. 1