United States District Court
Southern District of Texas

**ENTERED**
November 08, 2017
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE GARCIA, et al., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-1601 |
| | § | |
| VASILIA a/k/a "VAUNA" PETERSON, et al., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court are a motion for jurisdictional discovery and an opposed motion for discovery filed by the plaintiffs. Dkts. 33, 49. Having considered the motions, related briefing, and the applicable law, the court is of the opinion that original motion for jurisdictional discovery (Dkt. 33) should be DENIED AS MOOT, and the second motion for discovery (Dkt. 49) should be GRANTED.

## I. BACKGROUND

This is a Fair Labor Standards Act ("FLSA") case filed by numerous plaintiffs on behalf of themselves and those similarly situated. Dkt. 29. Defendant MidCap Financial Trust, f/k/a MidCap Financial, LLC, filed a motion to dismiss for lack of personal jurisdiction and failure to state a claim on July 26, 2017. Dkt. 12. On August 31, 2017, after receiving an extension on the deadline for filing a response, the plaintiffs filed a response to the motion to dismiss, an amended complaint, and a motion for leave to conduct jurisdictional discovery. Dkts. 29, 31, 33. On September 20, 2017, the court denied MidCap Financial Trust, f/k/a MidCap Financial, LLC's motion to dismiss as moot in light of the amended complaint. Dkt. 40. On September 29, 2017, defendants MidCap Financial Trust, f/k/a MidCap Financial, LLC, and MidCap Funding X Trust (collectively, "MidCap") filed

a new motion to dismiss. Dkt. 41. On October 20, 2017, the plaintiffs filed a response to the second motion to dismiss along with a second motion for discovery. Dkts. 47, 49. MidCap filed a response in which it requested the court to disregard the second motion for leave and instead rule on the initial motion. Dkt. 50. MidCap adopted by reference the arguments in its first response. *Id.*

The plaintiffs seek jurisdictional discovery into MidCap's minimum contacts with Texas. Dkt. 49. The plaintiffs point out that they merely must make a preliminary showing of jurisdiction in order to satisfy their burden of showing jurisdictional discovery is needed. *Id.* They assert that their jurisdictional allegations indicate that MidCap has conspired with its Texas-based co-defendants, including the Graebel entities, to defraud the plaintiffs or that the Texas actors are MidCap's agents or alter-egos. *Id.* (setting forth the allegations in the complaint that support the conspiracy, alter-ego, and agency theories of jurisdiction).

MidCap contends that the plaintiffs have not made a preliminary showing that MidCap has sufficient contacts with Texas to be subject to the court's personal jurisdiction. Dkt. 43. It asssserts that a bare allegation of conspiracy will not support the court's exercise of jurisdiction and that there must be an allegation that each alleged conspirator had minimum contacts with Texas. *Id.* Thus, according to MidCap, the plaintiffs must allege that MidCap purposefully directed its efforts at Texas residents and knew that a Texas resident would suffer. *Id.* Additionally, MidCap argues that the plaintiffs must "'clearly establish the singular intent to defraud by each party [and] the common knowledge by all parties that each has such intent.'" *Id.* MidCap contends that the mere fact that some of the plaintiffs are Texas residents is not enough to show that MidCap specifically directed its alleged tortious activity at Texas. *Id.*

As far as the agency theory, MidCap argues that the plaintiffs fail to make the requisite showing that MidCap directed an agent to take any action with respect to Texas. *Id.* It asserts that

there are no allegations as to who, when, or how MidCap directed Texas defendants to engage in tortious conduct. *Id.* With regard to the alter ego contentions, MidCap argues that the plaintiffs only alter ego allegation is that MidCap gained complete control and ownership over the Graebel entities by calling its note and acted as the alter ego of the Graebel entities from then on. *Id.* MidCap contends that calling a note is not a legally cognizable basis for alter-ego liability and that the amended complaint lacks factual allegations that MidCap and the Graebel entities disregarded corporate formalities or that the two businesses were otherwise indistinct. *Id.*

## II. LEGAL STANDARD

In order to obtain jurisdictional discovery, a plaintiff must make "a preliminary showing of jurisdiction." *Fielding v. Hubert Bura Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). A preliminary showing does not require proof that personal jurisdiction exists, but it does require "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Id.* (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir.2003) (internal citations omitted)). Discovery of jurisdictional facts is appropriate when the existing record is inadequate to support personal jurisdiction and the record shows that the requested discovery is likely to produce facts needed to withstand a motion to dismiss. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014).

## III. ANALYSIS

The court finds that the allegations in the complaint are sufficient to merit jurisdictional discovery. The court agrees with MidCap that, under Fifth Circuit law, the plaintiff must establish that the MidCap defendants, individually and not merely as part of a conspiracy, had minimum contacts with Texas. *See Delta Brands, Inc. v. Danieli Corp.*, 99 F. App'x 1, 6 (5th Cir. 2004); *Guidry v. United States Tobacco Co.*, 188 F.3d 619, 625 (5th Cir. 1999); *Logan Int'l Inc. v. 1556311*

3

*Alberta Ltd.*, 929 F. Supp. 2d 625, 630–31 (S.D. Tex. 2012) (Atlas, J.) ("Each defendant's contacts with the forum must be analyzed individually, and a defendant cannot be subject to personal jurisdiction solely because he [or she] participated in an alleged conspiracy with a co-conspirator who had contacts with Texas."). If conspiracy were the only way the amended complaint tied MidCap to Texas, there would likely not be even a preliminary showing of jurisdiction. However, "it is compatible with due process for a court to exercise personal jurisdiction over an individual or corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is the alter ego or successor of a corporation that would be subject to personal jurisdiction in that court." *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 (5th Cir. 2002). The court finds that there are sufficient allegations of alter ego on the amended complaint to justify jurisdictional discovery.[1] The plaintiffs allege that the credit and security agreement between MidCap and the Graebel entities gave MidCap "virtual control over all of the Graebel Entities." Dkt. 29 at 18. They contend that MidCap "leveraged the threat of exercising its

---

[1] To determine if an alter ego relationship is established, the court must consider whether:

> (1) distinct and adequately capitalized financial units are incorporated and maintained; (2) daily operations of the two corporations are separate; (3) formal barriers between management of the two entities are erected, with each functioning in its own best interests; and (4) those with whom the corporations come in contact are apprised of their separate identity. Other factors deemed important by the commentators and Texas courts are: (1) common stock ownership; (2) the method and degree of financing of the subsidiary by the parent; (3) common directors or officers; (4) separate books and accounts; (5) common business departments; (6) extent to which contracts between parent and subsidiary favor one over the other; and (7) connection of parent's employee, officer or director to subsidiary's tort or contract giving rise to suit.

*Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1162–63 (5th Cir. 1983) (quoting *Miles v. Am. Tel. & Tel. Co.*, 703 F.2d 193 (5th Cir. 1983)).

default remedies (which would give MidCap complete control) to exert substantial leverage on the Graebel Entities and gain management control over them." *Id.* The plaintiffs also allege that "MidCap, either on its own or through it[s] agent, Mackinac Partners, directed the Graebel Entities to cut costs, and that included cutting the Graebel Drivers' pay. Eventually, at MidCap's direction, the Graebel Entities stopped paying [the] drivers at all." *Id.* at 20–21. The plaintiffs contend that "MidCap seized control of the Graebel Drivers' assets, it made the decision when and how to pay the Graebel Drivers, and ultimately, not to pay them at all." *Id.* at 24. While not meeting every factor courts consider when determining alter ego status, these allegations meet the preliminary showing requirement.

## IV.  CONCLUSION

The plaintiffs' second motion for jurisdictional discovery (Dkt. 49) is GRANTED. The plaintiffs may conduct jurisdictional discovery as to MidCap. This discovery must be complete by January 5, 2018. The plaintiffs may file a supplemental response to MidCap's pending motion to dismiss after the completion of jurisdictional discovery, but this response must be filed no later than January 19, 2018. MidCap may file a reply to the supplemental response, which must be filed no later than January 26, 2018. The court will defer ruling on MidCap's motion to dismiss until on or after January 26, 2018.

The plaintiffs' first motion for jurisdictional discovery (Dkt. 33) is DENIED AS MOOT.

The court further instructs the parties to meet and confer in light of this order and submit a *joint* scheduling order on or before November 17, 2017.

Signed at Houston, Texas on November 8, 2017.

_____
Gray H. Miller
United States District Judge