# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| JOSE GARCIA, *et al.*, | § |
| | § |
|    *Plaintiffs*, | § |
| | § |
| v. | §    CIVIL ACTION H-17-1601 |
| | § |
| VASILIA A/K/A "VAUNA" PETERSON, *et al.*, | § |
| | § |
|    *Defendants*. | § |

## ORDER

Pending before the court is defendant MidCap Financial Trusts, f/k/a MidCap Financial, LLC, and MidCap Funding X Trust's (collectively, "MidCap") motion to strike the plaintiffs' improper expert witness designation. Having considered the motions, responses, replies, evidence, and applicable law, the court is of the opinion that MidCap's motion to strike should be DENIED.

## I. BACKGROUND

This case involves a dispute regarding employment classification between the plaintiffs, Jose Garcia, Mark Wilburn, Jose Luis Vazquez, Jose Caballero, Americo Fuentes, Francisco Martinez-Villarreal, Jose Mejia, Kenneth Powell, Rosa Ramirez, Alex Santos, Dulce Santos, James Stephens, Aaron Dunning, Albert Foks, and Gabriel Strasser (collectively "Plaintiffs"), and the defendants, owners and financiers Vasilia a/k/a "Vauna" Peterson, Robert Peterson, Ormando Gomez, All My Sons Moving of Denton County, Inc., Graebel Van Lines Holdings, LLC d/b/a Graebel Moving Services, Graebel Van Lines, LLC; Graebel/Houston Movers, LLC, Graebel Moving and Warehouse Corp., Graebel Moving and Warehouse, LLC, Graebel/Illinois Movers, LLC, Graebel/Los Angeles Movers, LLC, Graebel/North Carolina Movers, LLC, Graebel/St. Louis Movers, LLC, MidCap Financial Trust f/k/a MidCap Financial, LLC, Midcap Funding X Trust, and

John Does 1-10. Dkt. 104 at 2. Plaintiffs allege that the defendants had a longstanding policy of misclassifying Graebel Drivers as independent contractors instead of employees and failed to compensate those employees as required by the terms of their contractual arrangements and the law. *Id*. at 3–7.

On May 26, 2016, Plaintiffs sued defendants, for violations of the Fair Labor Standards Act, breach of contract, quantum meruit, and fraud. *Id*. at 11. Plaintiffs alleged they were entitled to recovery of their attorneys' fees and expenses pursuant to 29 U.S.C. § 216(b) and Texas Civil Practice and Remedies Code 38.001(1), (2) and (8). Dkt. 104 at 43. Plaintiffs' demanded relief included all costs and attorneys' fees and expenses incurred prosecuting the claims. *Id*. at 44.

On January 5, 2018, the court entered its Rule 16 scheduling order, requiring Plaintiffs to disclose their expert witnesses by June 4, 2018. Dkt. 78 ¶ 3 (scheduling order). On June 6, 2018, Plaintiffs served their designation of expert witnesses, identifying Murray Fogler as an expert who will testify regarding the amount and reasonableness of Plaintiffs' attorneys' fees. Dkt. 108 at 2. Plaintiffs claimed the designation was late due to an "innocent oversight." Dkt. 110 at 3.

In the instant motion, MidCap moves to exclude Fogler and strike his opinion. Dkt. 108 at 4. Plaintiffs responded, and MidCap replied. Dkts. 110, 111.

## II. ANALYSIS

MidCap argues that Fogler should be excluded for two reasons: (1) Plaintiffs disclosed him as an expert witness approximately two days after the deadline set in the court's scheduling order; and (2) Plaintiffs did not include the required written report with the disclosure or, alternatively, failed to meet the disclosure requirements under Rule 26(a)(2)(C). Dkt. 108 at 2, 4. The court will examine each issue in turn.

A.     **Timeliness of Expert Designation**

A party must submit its expert witness disclosure "at the times and in the sequence the court orders." Fed. R. Civ. P. 26(a)(2)(D). Federal Rule of Civil Procedure 16(b) governs the designation of experts once a scheduling order has been issued by the district court. Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." The "good cause" standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC v. Southtrust Bank of Ala.*, NA, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). In determining whether a party has met the "good cause" standard, the Fifth Circuit has instructed a district court to consider four factors: (1) the explanation for the delay; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997). Nevertheless, district courts have "wide latitude" and are allowed to act with "intelligent flexibility" in allowing parties to designate experts beyond the deadline. *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998).

1.     Explanation for the Delay

In *Betzel v. State Farm Lloyds*, the plaintiff offered no explanation for his failure to timely designate an expert witness. 480 F.3d 704, 707 (5th Cir. 2007). Even so, the court noted that the defendant was not prejudiced by the delay in the designation of the expert because attorneys' fee claims are generally resolved at the close of the case, after both liability and damages are determined. *Id*.

3

In the instant case, Plaintiffs claim the late designation was due to an "innocent oversight." Dkt. 110 at 3. This reason cannot demonstrate good cause for their delay. *See Brandon v. The Sage Corp.*, No. 5:12-CV-1118 - DAE, 2014 U.S. Dist. LEXIS 34864, at *7 (W.D. Tex. Mar. 18, 2014) (noting that an accidentally overlooked deadline cannot demonstrate good cause for her delay). Thus, this factor weighs in favor of MidCap.

2. Importance of the Testimony

Neither party has argued the importance of Fogler's proposed expert testimony. Thus, this factor does not weigh in favor of either party. *See id*. at *7 (finding that testimony does not favor either Plaintiff or Defendant when neither argues for or against its importance).

3. Potential Prejudice

In *Brandon*, the court found a plaintiff's three-week delay in designating an expert on attorneys' fees did not prejudice the defendant because the plaintiff had made it clear from the outset of the case that she would be seeking attorneys' fees. *Id*. at *8.

In this case, Plaintiffs were only two days late in designating an expert on attorneys' fees. Dkt. 108 at 1. Like in Brandon, Plaintiffs made it clear in their initial complaint that they were seeking attorneys' fees. Dkt. 1 at 17. Additionally, MidCap does not contend it was prejudiced by Plaintiffs' late designation. Dkt. 108. Because Midcap has been on notice since the inception of litigation that Plaintiffs seek attorneys' fees, it was not prejudiced. *See Primrose Operating Co. v. Nat'l Am. Ins. Co*, 382 F. 3d 546, 563–64 (5th Cir. 2004) (finding that because the defendant knew that Boyer would provide expert testimony on the reasonableness of attorneys' fees well in advance of trial, the defendant did not suffer prejudice).

4. Availability of a Continuance to Cure Prejudice

Because the court does not find that MidCap has been prejudiced by Plaintiffs' untimely

designation of expert witness, this factor is not applicable. However, even if prejudice could be shown, a two-day continuance would provide an adequate remedy. *Betzel*, 480 F.3d at 708 (noting that a continuance is the preferred means of dealing with a party's attempt to designate a witness out of time).

For the above reasons, the court finds that, although Plaintiffs did not timely designate their expert witness, the lack of prejudice to MidCap warrants permitting Fogler to serve as an expert.

**B.    Deficiency of Plaintiffs' Disclosure**

A disclosure of expert testimony must be accompanied by a written report if the witness is retained or specially employed to provide expert testimony in the case or if the witness's duties as the party's employee regularly involve giving expert testimony. Fed. R. Civ. P. 26(a)(2)(B). It is the practice of courts in this circuit that attorneys testifying solely on the topic of attorneys' fees are not required to provide written expert reports. *Kondos v. Allstate Tex. Lloyds*, No. 1:03-CV-1440, 2005 U.S. Dist. LEXIS 37661, at *54 (E.D. Tex. Apr. 22, 2005); *Eure v. Sage Corp.*, No. 5:12-CV-1119-DAE, 2014 U.S. Dist. LEXIS 34868, at *11 (W.D. Tex. Mar. 18, 2014); *Madrid v. Wells Fargo Bank, N.A.*, No. EP-14-CV-00152-DCG, 2016 U.S. Dist. LEXIS 190013, at *7 (W.D. Tex. Jun. 14, 2016). For a witness who is not required to provide a written report, the disclosure must state: (1) the subject matter on which the witness is expected to present under Federal Rule of Evidence 702, 703, or 705; and (2) a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C). Courts must take care against requiring undue detail with regard to Rule 26(a)(2)(C) designations. Fed. R. Civ. P. 26(a)(2)(C), Advisory Comm. Note (2010). This is especially true regarding the designations of experts who discuss attorneys' fees. *Madrid*, 2016 U.S. Dist. LEXIS 190013, at *23.

MidCap does not dispute Plaintiffs' allegation that Fogler is a non-retained expert who is a partner at the same law firm representing the Plaintiffs in this action. Dkt. 110 at 8. Thus, Rule 26(a)(2)(B) is not applicable in this case. *Jones v. Allstate Ins. Co,* No. 3:13-CV-4027-BN, 2014 U.S. Dist. LEXIS 129122, at *3 (N.D. Tex. Sep. 16, 2014) (finding Rule 26(a)(2)(B) did not apply to an expert who was not retained or specially employed to provide expert testimony).

In *Jones*, the court found that the plaintiffs complied with the requirements of Rule 26(a)(2)(C) when they submitted that their expert witness would testify "about reasonable attorneys [sic] fees and costs incurred in the minimum amount of $150,000 dollars at his hourly rate given his experience." *Id*.

Here, Plaintiffs similarly submit that "Fogler will testify to the amount and reasonableness of attorneys' fees incurred by Plaintiffs relating to this lawsuit." Dkt. 108 at 3. Because this language is similar to that used in the plaintiffs' submission in Jones, Plaintiffs have met the requirement for their expert witness designation under Rule 26(a)(2)(C).

### III. CONCLUSION

For the foregoing reasons, the court DENIES MidCap's motion to strike Plaintiffs' expert witness designation of Fogler as an expert on Plaintiffs' attorneys' fees (Dkt. 108).

Signed at Houston, Texas on August 8, 2018.

_____
Gray H. Miller
United States District Judge