UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE GARCIA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-1601 |
| | § | |
| VASILIA A/K/A "VAUNA" PETERSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court an application for attorneys' fees submitted by the plaintiffs in response to the court's order granting their motion for sanctions against defendant MidCap Funding X Trust ("MidCap") (Dkt. 170). Dkt. 192. The court awarded the fees associated with the motion for sanctions and a portion of the fees associated with the motion to dismiss. *See* Dkt. 170. The plaintiffs seek $21,427.50 in attorneys' fees associated with the motion for sanctions and $268,110 associated with the motion to dismiss. Dkt. 192. MidCap requests that the court deny the application, arguing that the fees the plaintiffs seek are not causally linked to the sanctioned conduct, and under *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1183–84 (2017), a "'sanction, when imposed pursuant to civil procedures, must be compensatory rather than punitive.'" Dkt. 202 (quoting *Goodyear*). After considering the application, response, and applicable law, the court is of the opinion that a portion of the fees requested should be approved.

### I. BACKGROUND AND ANALYSIS

On September 29, 2017, defendants MidCap Financial Trust and MidCap Funding X Trust (collectively, the "Original MidCap Defendants") filed a motion to dismiss the plaintiffs' first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), 12(b)(3) and 12(b)(6).

Dkt. 41. The plaintiffs responded to the motion (Dkt. 47) and requested time to conduct jurisdictional discovery (Dkt. 49). The court granted the motion for jurisdictional discovery. Dkt. 59. After jurisdictional discovery was complete, the parties filed supplemental responses, and then the court granted in part and denied in part the motion to dismiss. *See* Dkt. 113. The court granted the motion as to MidCap Financial Trust and dismissed the claims against it for lack of personal jurisdiction, but it denied the motion with regard to MidCap. *Id.* The court found that MidCap had purposefully availed itself of the benefits and protections of Texas laws as they related to the facts of this case by litigating a receivership action in Texas dealing with the property at issue in this case. *Id.*

On September 18, 2018, the plaintiffs filed a motion for sanctions. Dkt. 129. They noted that the Original MidCap Defendants produced a settlement agreement between MidCap and some other defendants in this case that related to a lawsuit filed in Dallas by MidCap against the other defendants. *See id.* The plaintiffs sought sanctions against the Original MidCap Defendants because they did not disclose the settlement agreement or lawsuit in response to the plaintiffs' requests for production during jurisdictional discovery. *See id.*

After holding a hearing on the motion for sanctions, the court entered an order granting sanctions on January 10, 2019. Dkt. 170. The court found that the undisclosed lawsuit was relevant to the personal jurisdiction analysis and responsive to the plaintiffs' requests for production. *See id.* The court disagreed with the sanctions proposed by the plaintiffs, but it determined that awarding attorneys' fees incurred in submitting the motion for sanctions and a portion of the fees incurred in defending against the motion to dismiss was appropriate. *Id.* The court therefore ordered the plaintiffs to submit a fee request. *Id.*

The plaintiffs submitted their application for fees on February 11, 2019. Dkt. 192. They request $400 per hour for partners with ten years of litigation experience, and they assert that they exercised billing judgment by not billing for partner meetings and strategy sessions about the case or paralegal time, expenses for filing fees, court reporting services, or travel. *Id.* They seek fees for time spent conferring in advance of the motion, reviewing law, drafting the motion, reviewing the response, drafting the reply, preparing for the hearing, and preparing the fee application. *Id.* With regard to the motion to dismiss, the plaintiffs are requesting fees for time spent responding to the original motion, requesting jurisdictional discovery, conducting jurisdictional discovery, responding to the amended motion to dismiss, reviewing the law, and preparing supplemental briefing. *Id.* The plaintiffs acknowledge that some of the time spent on the motion to dismiss was beneficial to prosecuting the merits of the case, but they argue that the "fees were no less necessary to demonstrating MidCap's contacts with Texas." *Id.* They argue in the alternative that the court impose a small reduction of 15%, which they believe is fair since they have already omitted paralegal fees and expenses. *Id.* In total, before this reduction, they seek $268,110 for fees associated with the motion to dismiss and $21,427.50 in fees associated with the motion for sanctions. *Id.*

MidCap asserts that while the court may impose sanctions, the sanctions "must be the least severe sanction adequate to achieve the desired result" under Federal Rule of Civil Procedure 26(g)(3). Dkt. 202. MidCap contends that in *Goodyear Tire & Rubber Co. v. Haeger*, the U.S. Supreme Court held that courts must limit sanctions to fees that were incurred solely because of the misconduct, noting that fees imposed pursuant to Rule 26 must be compensatory rather than punitive. *Id.* MidCap contends that awarding all fees associated with the motion to dismiss, including amendments to pleadings and jurisdictional discovery as requested by the plaintiffs, would

3

be punitive. *Id.* MidCap points out that the only fee entry related to consent jurisdiction, which is the argument the plaintiffs made in the response to the motion to dismiss relating to receivership action and the same type of argument that would have been made for the undisclosed lawsuit, was for $1,680. *Id.* (citing Dkt. 192, Ex. A). MidCap argues that because the plaintiffs did not segregate the portion of fees related to the nondisclosure that their request is punitive and the court should deny the request. *Id.*

MidCap additionally points out that the plaintiffs seek to recover $100,000 in fees associated with tasks performed prior to the deadline for discovery responses, which is when the duty to disclose arose. *Id.* It points out that the plaintiffs would have incurred these fees regardless of the disclosure or nondisclosure of the lawsuit. *Id.* MidCap additionally takes issue with the plaintiffs' request for fees for time spent reviewing documents, preparing for depositions, and researching for and drafting the supplemental responses to the motions to dismiss. *Id.* It contends that 11% of the motion to dismiss fee request is attributable to the supplemental response, yet only one and one half pages of that response address consent jurisdiction, which is the section of the response under which the undisclosed lawsuit would have been addressed. *Id.* MidCap argues that fees associated with the other arguments would have been incurred whether the lawsuit was disclosed or not. *Id.*

MidCap next argues that the plaintiffs seek fees for time spent on discovery from the other defendants and a third party, including document review, which would have been conducted even if MidCap was not a party in this case. *Id.* MidCap points to several other items that it contends are not associated with the nondisclosure of the lawsuit. *See id.* at 9. MidCap additionally points out that the undisclosed lawsuit was filed *after* this lawsuit and that it was therefore not even relevant to the personal jurisdiction analysis. *Id.* at 10 (collecting district court cases in the Fifth Circuit that

rely only on pre-complaint conduct when evaluating personal jurisdiction). They thus argue that the plaintiffs would have incurred all of the fees they seek to recover relating to the motion to dismiss whether the MidCap disclosed the lawsuit or not. *Id.*

With regard to the fees associated with filing the motion for sanctions, MidCap argues that the court has already found that the main types of sanctions requested in that motion were not appropriate and that since the undisclosed lawsuit would not have been relevant to personal jurisdiction anyway, the court should not award any fees. *Id.* MidCap asserts that if the court still wants to award sanctions, it should only award sanctions causally linked to the nondisclosure of the Dallas lawsuit versus the nonmonetary sanctions the court denied. *Id.* MidCap posits that this amount should be limited to $5,000. *Id.*

First, the court agrees with MidCap that its sanctions under the U.S. Supreme Court's guidance relating to Rule 26 sanctions in *Goodyear*, the sanction "must be compensatory rather than punitive in nature." *Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1186. Thus, a "fee award may go no further than to redress the wronged party 'for losses sustained'; it may not impose an additional amount as punishment for the sanctioned party's misbehavior." *Id.* The fee must therefore be "'calibrate[d] to [the] damages caused by' the bad-faith acts on which it is based." *Id.*

Here, the "misbehavior" is failing to disclose the lawsuit in response to discovery requests. The fees related to the motion for sanctions are clearly harm that resulted from that failure. The court understands MidCap's argument that the motion was not entirely successful because the court did not award the types of sanctions sought, but it does not believe that fact impacts the time spent on the motion enough to deduct from the hours spent preparing.

The time spent filing the motion to dismiss, on the other hand, is not as clearly "calibrated to the damages caused by" the failure to comply with the discovery requests. First, the court agrees with MidCap regarding tasks performed prior to the discovery deadline, time spent on discovery related to other parties, and fees associated with making arguments for dismissal that are distinct from consent jurisdiction and would have been made anyway. No fees should be awarded for the time spent on these tasks.

The court now turns to MidCap's argument that the court should not award any fees associated with the nondisclosure because the court could not consider that lawsuit in its jurisdictional analysis even if it had been disclosed. MidCap cites *Glazier Group, Inc. v. Mandalay Corp.* for the contention that "'[c]ourts in the Fifth Circuit'" look "'to facts up to the filing of the complaint'" when considering specific jurisdiction. Dkt. 202 at 9 (quoting *Glazier Grp., Inc. v. Mandalay Corp.*, No. H-06-2752, 2007 WL 2021762, at *8 (S.D. Tex. July 11, 2007) (Rosenthal, J.)). Some district courts in the Fifth Circuit have applied this temporal restriction when conducting personal jurisdiction analyses. *See Healix Infusion Therapy, Inc. v. Healix Health Prods., LLC*, No. H-08-1745, 2008 WL 11390840, at *7 (S.D. Tex. July 31, 2008) (Hittner, J.) ("Post-complaint activities cannot create specific personal jurisdiction that was lacking when the lawsuit was filed."); *Mgmt. Insights, Inc. v. CIC Enters., Inc.*, 194 F. Supp. 2d 520, 525 (N.D.Tex. 2001) (concluding that personal jurisdiction must be based on the facts at the time the complaint was filed). At least one district court in this Circuit has declined to apply the restriction, noting that the Fifth Circuit case relied upon in *Glazier Group* applied this rule in its general jurisdiction analysis, not its specific jurisdiction analysis. *Praetorian Specialty Ins. Co. v. Auguillard Constr. Co., Inc.*, 829 F. Supp. 2d 456, 468 (W.D. La. 2010) (declining to impose a temporal restriction in its specific jurisdiction

analysis absent "a citation of binding authority from the Fifth Circuit or the Supreme Court" and citing out-of-Circuit authority that found "such a temporal restriction is not warranted in all circumstances"). The court need not reach a decision on how it would decide this issue, as the inquiry here is whether there is a causal link between the nondisclosure and hours spent on the motion to dismiss. While there is a colorable argument that the undisclosed lawsuit could give rise to consent jurisdiction, and the court suspects the argument would have been included had the plaintiffs known about the lawsuit, ultimately there is not a sufficient causal link to award fees associated with the motion to dismiss as sanctions under Rule 26 because there was already a lawsuit—filed before this case—that gave rise to consent jurisdiction. The extent to which the undisclosed lawsuit would have buttressed the consent jurisdiction argument is diminished by the fact that the undisclosed lawsuit was filed after this lawsuit.

## II. Conclusion

In light of the discussion above, the court RECONSIDERS its award of attorneys' fees for a portion of the fees incurred relating to the motion to dismiss. No fees will be awarded for the motion to dismiss. However, the court finds the fees requested relating to the motion for sanctions reasonable, and the entire fee request related to filing the motion for sanctions is GRANTED. The court AWARDS the plaintiffs $21,427.50 in fees associated with the motion for sanctions.

Signed at Houston, Texas on July 3, 2019.

_____
Gray H. Miller
Senior United States District Judge