**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| JOSE GARCIA, et al., | |
| Plaintiffs, | |
| v. | |
| VASILIA a/k/a "VAUNA" PETERSON, et al., | CIVIL ACTION H-17-1601 |
| Defendants. | |

# ORDER APPROVING
# FAIR LABOR STANDARDS ACT (FLSA) SETTLEMENT

On this day, the Court considered Plaintiffs[1] and the Graebel Defendants'[2] joint application for court approval of a settlement that they have reached in the above-captioned cause, which Plaintiffs filed seeking recovery for alleged violations of the federal Fair Labor Standards Act (FLSA) [*codified at* 29 U.S.C. § 201, *et seq.*]. After due consideration and a hearing, which the Court held on August 20, 2019, the Court is of the opinion that Plaintiffs and the Graebel Defendants' joint application should be granted and the settlement approved.

Accordingly, **IT IS ORDERED** that Plaintiffs and the Graebel Defendants' joint application be, and hereby is, granted and that Plaintiffs and the Graebel

---

[1] "Plaintiffs," as used herein, shall mean the group of individuals and entities so denominated in the accompanying "Joint Stipulation of Collective Settlement and Release," attached hereto and incorporated herein as Exhibit 1.
[2] "Graebel Defendants, shall mean the group of individuals and entities so denominated in the accompanying "Joint Stipulation of Collective Settlement and Release," attached hereto and incorporated herein as Exhibit 1.

Defendants' **"Joint Stipulation of Collective Settlement and Release,"** attached

hereto and incorporated herein as **Exhibit 1**, be, and hereby is, **APPROVED**.

      **SIGNED** at Houston, Texas on **August 21, 2019**.

                                    GRAY H. MILLER

                       Senior United States District Judge

## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| JOSE GARCIA, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> VASILIA a/k/a "VAUNA" PETERSON, et al., <br><br> *Defendants*. | CIVIL ACTION H-17-1601 |

## JOINT STIPULATION OF COLLECTIVE

## SETTLEMENT AND RELEASE

This Joint Stipulation of Collective and Class Action Settlement and Release ("Agreement") is entered into and made by is made by and among Jose Garcia, Mark Wilburn, Jose Vazquez, Jose Caballero, Americo Fuentes, Francisco Martinez-Villarreal, Jose Mejia, Kenneth Powell, Rosa Ramirez, Alex Santos, Dulce Santos, James Stephens, Aaron Dunning, Albert Foks, Gabriel Strasser, Larry Burt, Jeffrey Casady, Albert Dennis, Wlodzimierz Debski, Ivan Diaz, Ramon Diaz, Melissa Earley, Randal Hooper, General McKinney, Michael Kee, Ed Krapf, Jordan O'Donnell, Marselo Rodriguez, Chet Painter, William Shelton, and Michael Willin "Named Plaintiffs"; and all "Opt-in Plaintiffs" or "Class Members" filing notices of consent in the above case style (collectively known as the "Plaintiffs"), and Vasilia a/k/a "Vauna" Peterson, Robert Peterson, Ormando Gomez, All My Sons of Denton County, Inc., Graebel Van Lines Holdings, LLC d/b/a Graebel Moving Services, Graebel Van Lines, LLC, Graebel/Houston Movers, LLC, Graebel Moving and Warehouse Corp., Graebel Moving and Warehouse, LLC, Graebel/Illinois Movers, LLC, Graebel/Los Angeles Movers, LLC, Graebel/North Carolina Movers, LLC, Graebel/St. Louis Movers, LLC, Graebel/Atlanta Movers, LLC, Graebel/Austin Movers, LLC, Graebel/Cincinnati Movers, LLC, Graebel/Colorado Springs Movers, LLC, Graebel/Connecticut Movers, LLC, Graebel/Dallas Movers, LLC, Graebel/Denver Movers, LLC, Graebel/Eastern Acquisition Movers, LLC, Graebel/Erickson Movers, LLC, Graebel/Kansas City Movers, LLC, Graebel/Lightning Movers, LLC, Graebel/Mid-Atlantic Movers, LLC, Graebel/Minnesota Movers, LLC, Graebel Moving and Storage, LLC, Graebel/Nevada Movers, LLC, Graebel/New England Movers, LLC, Graebel/Northeastern Acquisition Movers, LLC, Graebel of Texas, LLC, Graebel/Oklahoma Movers, LLC, Graebel/Oregon Movers, LLC, Graebel/Orlando Movers, LLC, Graebel/Pittsburgh Movers, Inc., Graebel/Quality Movers, LLC, Graebel/San Antonio Movers, LLC, Graebel/South Carolina Movers, LLC, Graebel/South Florida Movers, LLC, Graebel/Tampa Bay Movers, LLC, Graebel/Tennessee Movers, LLC, GMS Operating, LLC, GVL Fleet Solutions, LLC, GMS Payroll, LLC, Graebel/Advanced Movers, LLC, Graebel/Albuquerque Movers, LLC, Graebel/Arkansas Movers, LLC, Graebel/Birmingham Movers, LLC, Graebel/Cleveland Movers, LLC. Graebel/Columbus Movers, LLC, Graebel/Delaware Movers, LLC, Graebel Forwarders, LLC, Graebel/American Movers, Inc., Graebel/Indianapolis Movers, LLC, Graebel/Iowa Movers, LLC, Graebel/Kentucky Movers, LLC, Graebel Logistics Management, LLC, Graebel/MFS, LLC, Graebel/Michigan Movers, LLC, Graebel/New Orleans Movers, LLC, Graebel/Omaha Movers, LLC, Graebel/Utah Movers, LLC, Graebel Moving & Warehouse

Corp., Graebel Moving & Warehouse, LLC, All My Sons of Denton County, Inc. (collectively "Graebel Defendants"). The Plaintiffs and Graebel Defendants shall be referred to jointly as the "Parties" and singularly as a "Party." The Agreement is effective upon its execution by all Parties hereto.

The Graebel Defendants and the Named Plaintiffs (collectively the "Settling Parties") agree to do all things and procedures reasonably necessary and appropriate to obtain approval of this Agreement in consideration for: (a) payment by the Graebel Defendants of the consideration expressed in this Agreement subject to the terms, conditions and limitations of this Agreement; (b) the release and dismissal with prejudice of all claims as set forth in this Agreement; and (c) other valuable monetary and non-monetary consideration as set forth in this Agreement. This Agreement is contingent upon approval by the Court and is entered into voluntarily by the Settling Parties for settlement purposes only.

I.    **RECITALS.**

A.    **WHEREAS,** Plaintiffs brought a proceeding before the United States District Court for the Southern District of Texas Houston Division, Civil Action No. 4:17-cv-1601 [hereinafter, the "Lawsuit"];

B.    **WHEREAS**, in the operative pleading filed in the Lawsuit, the Third Amended Complaint, Plaintiffs sought to recover unpaid wages and compensation for work performed, liquidated damages, and attorneys' fees & expenses owed to Plaintiffs and all other persons similarly situated, who acted as Graebel Drivers during the previous three years. The action arose under the Fair Labor Standards Act ("FLSA"), breach of contract, quantum meruit, and common law fraud. Defendants deny Plaintiffs' allegations and assert affirmative defenses.

C.    **WHEREAS**, the Third Amended Complaint alleges the following claims: (1) failure to pay wages and overtime, (2) failure to keep records, (3) breach of contract, (4) quantum meruit, (5) fraud, (6) conspiracy and aider and abettor liability for fraud, (7) successor liability, and (8) veil piercing an alter ego against the Graebel Defendants.

D.    **WHEREAS**, after significant discovery in the Lawsuit - including written discovery and depositions, substantial negotiations, mediation, and the exchange of class data and damage calculations - the Parties have agreed to settle the Lawsuit according to the terms of this Agreement (the "Settlement").

E.    **WHEREAS**, the Parties have agreed to settle the Lawsuit on a class-wide basis. The settlement class consists of the Named Plaintiffs and all individuals who consented to join the Lawsuit pursuant to 29 U.S.C. § 216(b) whose claims have not been dismissed by the Court as of the date the Letter Agreement re: Settlement between Plaintiffs and Graebel, dated May 24, 2019. Such individuals are hereinafter referred to as the "Opt In Plaintiffs" or "Class Members."

F.    **WHEREAS**, the parties participated in mediation on March 14, 2019 with the highly experienced employment mediator, Alan Levin, Esq.

G.    **WHEREAS**, the Parties have agreed that each Class Member will be mailed the "Notice of Settlement of Collective Action Lawsuit," which is attached hereto as Exhibit A.

H.     **WHEREAS**, named Plaintiffs and the Class Members are represented by Feldman & Feldman, P.C. and FOGLER, BRAR, FORD, O'NEIL & GRAY LLP ("Class Counsel").

I.     **WHEREAS**, the Graebel Defendants are represented by Lewis Brisbois Bisgaard & Smith LLP.

J.     **WHEREAS**, Class Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in the Lawsuit.  In agreeing to this Agreement, Class Counsel has considered:  (a) the facts developed during discovery and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendants; and (c) the desirability of consummating this settlement according to the terms of this Agreement.  Named Plaintiffs and Class Counsel have concluded that the terms of this Agreement are fair, reasonable, and adequate, and that it is in the best interests of Named Plaintiffs and Class Members to settle their claims against Defendants pursuant to the terms set forth herein.

K.     **WHEREAS**, Defendants deny the allegations asserted in this Lawsuit and the Complaint and deny that they engaged in any wrongdoing or violation of law.  Defendants are entering into this Agreement because it will eliminate the burden, risk, uncertainty, and expense of further litigation.  Except for purposes of the settlement, neither this Agreement nor any document referred to herein, nor any action taken to carry out this Agreement, may be used in any way as an admission, concession, or indication by or against Defendants of any fault, wrongdoing, or liability whatsoever, including any concession that maintenance of a collective or class action other than for purposes of this settlement would be appropriate in the Lawsuit or any other case.

L.     **WHEREAS**, the Parties recognize that Court approval of any settlement is required to effectuate the Settlement, and that the Settlement will not become operative until the Court approves it and the Settlement becomes effective.

M.     **WHEREAS,** pursuant to this Settlement Agreement, the Parties desire and intend to settle all claims made or that could be made by Plaintiffs against Graebel Defendants or Graebel Defendants against Plaintiffs;

N.     **WHEREAS,** the Parties desire to compromise, resolve, and settle all claims, allegations and causes of action asserted between them, finally and forever, to avoid the uncertainty, time, and expense which would accompany continued litigation;

O.     **WHEREAS**, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other,

**IT IS HEREBY AGREED**, by and between the undersigned, subject to the approval of the Court and the other conditions set forth herein, that Named Plaintiffs' and Class Members' claims against Defendants shall be settled, compromised, and dismissed, on the merits and with prejudice, and that the released claims shall be finally and fully compromised, settled and dismissed as to the Named Plaintiffs and Class Members in the manner and upon the terms and conditions set forth below.

**NOW THEREFORE,** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

## II.    SETTLEMENT AMOUNT.

In consideration for compliance with the terms of this Agreement, including the releases of claims and dismissal of the Lawsuit described herein, Defendants shall pay a "Total Settlement Payment" of TWO MILLION, SIX HUNDRED FIFTY THOUSAND DOLLARS ($2,650,000.00). This represents the total amounts of payments to be released pursuant to this Settlement Agreement, including all payments to Plaintiffs, all federal income tax withholdings, and the Attorney Fee and Expense Award.

The Settlement Amount shall be "all-inclusive," including (1) any unpaid minimum wage, overtime pay, other wage, compensation, remuneration, incentive compensation, liquidated damage, other damage, reimbursement, and/or penalty allegedly owed to the Named Plaintiffs, the Class Members, Class Counsel, or any other entity because of, associated with, or relating to the alleged failure to pay wages and overtime; failure to keep records; breach of contract; quantum meruit; fraud; conspiracy and aider and abettor liability for fraud; successor liability; and veil piercing an alter ego against the Graebel Defendants; (2) interest, attorneys' fees, costs, and expenses; (3) settlement payments; and (4) all other settlement-related payments and costs. Under no circumstances will Defendants' liability for payments in the Lawsuit exceed the Settlement Amount.

## III.    RELEASE OF PLAINTIFFS.

In exchange for the promises contained herein, Plaintiffs will release, for themselves and for their heirs, trustees, executors, administrators, agents, representatives, successors and assigns and any person or entity acting by or through any of them (collectively, the "Plaintiff Releasors"), additionally remise, acquit, release, satisfy and discharge Graebel Defendants and any of their past, present, and future parent companies, subsidiaries, affiliates, divisions, agents, employees, owners, members, officers, directors, partners, investors, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers ("the Released Parties") [the parties expressly agree that "Released Parties" does not include MidCap Financial Trust f/k/a MidCap Financial, LLC and MidCap Funding Trust X (collectively "MidCap") from the claims asserted by Plaintiffs in this lawsuit] of and from, any and all claims and demands, and all manner of action and actions, causes of action, complaints, disputes, suits, administrative proceedings, debts, dues, claims for penalties or relief, whether equitable or otherwise, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, executions, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, liabilities, in any form whatsoever, known or unknown, suspected or unsuspected, in law or in equity, which Named Plaintiff Releasors have, may have or had by reason of any matter, cause, event, fact, occurrence or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to, any and all claims which were actually asserted, or might have been asserted or could have been asserted by Named Plaintiff Releasors against Released Parties, including, but not limited to, claims (1) which arose out of or are in any way connected with Named Plaintiff's work performed for the Graebel Defendants; (2) which are related to or concern any law, including, but not limited to: (i) discrimination, harassment, or retaliation under local, state or

federal law based on age, disability, sex, sexual orientation, race or any other category protected by any such law; (ii) wrongful termination, breach of express and implied-in-fact contract, breach of the covenant of good faith and fair dealing, intentional and negligent infliction of emotional distress, defamation, invasion of privacy, breach of employment contract, fraud or negligent misrepresentation, intentional interference with contractual relations and prospective economic advantage, and other torts; (iii) sexual harassment; (iv) failure to pay wages; and (v) retaliation; (3) which are related to Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991; the Dodd–Frank Wall Street Reform and Consumer Protection Act; the Truth in Lending Act; the Equal Pay Act; the Fair Labor Standards Act; the Americans With Disabilities Act of 1990; the Rehabilitation Act of 1973, as amended; the Age Discrimination in Employment Act, as amended; the Older Workers Benefit Protection Act; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; the Occupational Safety and Health Act, as amended; the Sarbanes-Oxley Act of 2002; the Consolidated Omnibus Budget Reconciliation Act (COBRA); the Employee Retirement Income Security Act of 1974, as amended, including Section 510; the National Labor Relations Act; the False Claims Act; state unfair and deceptive trade practice statutes; state and federal whistleblower statutes; and any and all state or local statutes, ordinances, or regulations, as well as all claims arising under federal, state, or local law involving any tort, employment contract (express or implied), public policy, wrongful discharge, or any other claim, action or grievance based upon any conduct that has occurred up to and including the date of the Court's order approving this Agreement; (4) violation of the Fair Labor Standards Act and any state or local wage and hour laws; (5) fraud; breach of contract; quantum meruit; (6) including any and all state, local, or federal claims, demands, violations of rules or regulations, or any other causes of action, whether known or unknown, based upon the facts and allegations set forth in the Complaint filed in the Lawsuit, including but not limited to allegations of (i) failure to pay wages and overtime, (ii) failure to keep records, (iii) breach of contract, (iv) quantum meruit, (v) fraud, (vi) conspiracy and aider and abettor liability for fraud, (vii) successor liability, and (viii) veil piercing an alter ego against the Graebel Defendants; any violation of the Fair Labor Standards Act; and any claim or grievance based upon a rule, regulation, statute, ordinance, public policy, law, or common law tort based upon any actions or omissions described in the Complaint that have occurred from May 26, 2014 up through the Effective Date ("the Applicable Class Period") or (7) which arose out of or are in any way connected with any transactions, occurrences, acts, omissions, loss, damage or injury whatsoever resulting from any act committed or omission made prior to the date of this Agreement.

Each Named Plaintiff represents, acknowledges, and affirms that, with the exception of this Lawsuit, (s)he has not filed or otherwise initiated any other lawsuit, complaint, allegation of wrongdoing, allegation or assertion of wrongful or illegal conduct, charge, demand or any other type of proceeding against any of the Defendants in or with any local, state, or federal court or local, state, or federal governmental agency, commission, official, department or enforcement authority based upon any events or items occurring prior to and through the date of execution of this Settlement Agreement. Each Named Plaintiff expressly waives any right to damages, any other legal and equitable relief, attorney's fees or costs, award or recovery under any local, state, or federal law and any whistleblower laws and regulations (including, without limitation, any state or federal false claims acts or statutes), in connection with any legal proceedings, agency proceedings, administrative proceedings, enforcement or investigatory proceedings and any lawsuit that is filed, brought, initiated or pursued in the future and which is in any way based upon the events occurring before execution of this Agreement or which is in any way related to the claims, causes of action, damages and relief released herein.

Furthermore, Plaintiffs Jose Garcia, Mark Wilburn, Jose Vazquez, Jose Caballero, Americo Fuentes, Francisco Martinez-Villarreal, Jose Mejia, Kenneth Powell, Rosa Ramirez, Alex Santos, Dulce Santos, James Stephens, Aaron Dunning, Albert Foks, Gabriel Strasser, and all other similarly situated Opt In Class Member Plaintiff's ("the Intervenor Plaintiffs") hereby release any claims seeking a constructive trust, accounting, and equitable lien over any income received by Graebel for work performed by the driver Plaintiffs. The Intervenor Plaintiffs agree to withdraw any claims and dismiss the Plea in Intervention and Requests for Disclosure currently pending in the District Court of Dallas County, Texas Cause No. DC-17-04976.

Nothing in this Agreement is intended to or shall prohibit, limit, or otherwise interfere with Named Plaintiffs' rights under federal, state or local employment discrimination laws (including, without limitation, the ADEA and Title VII) to communicate or file a charge with, or participate in an investigation or proceeding conducted by, the Equal Employment Opportunity Commission ("EEOC") or similar federal, state or local government body or agency charged with enforcing employment discrimination laws. Therefore, nothing this agreement shall prohibit, interfere with, or limit Named Plaintiffs from filing a charge with, or participating in any manner in an investigation, hearing or proceeding conducted by, the EEOC or similar federal, state, or local agency. However, Named Plaintiffs shall not be entitled to any relief or recovery (whether monetary or otherwise), and Named Plaintiffs hereby waive any and all rights to relief or recovery, under, or by virtue of, any such filing of a charge with, or investigation, hearing or proceeding conducted by, the EEOC or any other similar federal, state, or local government agency relating to any claim that has been released in this agreement.

Nothing in this agreement is intended to or shall prohibit, limit, or otherwise interfere with Named Plaintiffs' right to participate in a proceeding with any appropriate federal, state, or local government agency enforcing discrimination laws, nor shall this Agreement prohibit Named Plaintiffs from cooperating with any such agency in its investigation.

Nothing in this Settlement Agreement shall be construed to release MidCap Financial Trust f/k/a MidCap Financial, LLC and MidCap Funding Trust X (collectively "MidCap") from the claims asserted by Plaintiffs in this lawsuit, and the Graebel Defendants expressly acknowledge that no part of the consideration for this Settlement Agreement contemplates releasing MidCap from its potential liabilities in this lawsuit.

## IV.    RELEASE ON BEHALF OF GRAEBEL DEFENDANTS.

In consideration of the payments, benefits, agreements, and other consideration described in the Agreement, Graebel Defendants hereby release, settle, and forever discharge the Plaintiffs—as well as all of their current and former subsidiaries, related entities, members, shareholders, officers, directors, employees, attorneys, insurers, and indemnitors——from all claims, actions, demands, causes and causes of action that were brought or that could have been brought in the Lawsuit, including without limitation claims and causes of action for fraud, breach of contract, unjust enrichment, estoppel, and/or money had and received.

## V.    SETTLEMENT APPROVAL PROCEDURE.

A.    Counsel for the Named Plaintiffs shall file the Motion for Order Approving Settlement of Collective and Class Action and Authorizing Notice of Settlement, attaching this Agreement, and the Notice of Settlement and Release (collectively, the "Notice Packet") which is attached to this Agreement as Exhibit A, advising the Named Plaintiff and Class Member Opt-

In Plaintiffs of the material terms and provisions of this settlement and their rights with respect to this settlement.

B.    Effective Date. For purposes of this Agreement, the "Effective Date" shall mean the date that the Court's order granting approval of the settlement, and dismissing the claims between plaintiffs and the Graebel Defendants in this Litigation with prejudice pursuant to the terms of this Agreement, and the settlement becomes final after expiration of any right to appeal or, if an appeal occurs, when the appeal is finally resolved and the settlement is approved. However, if the settlement is not approved and/or does not become final for any reason, then this Agreement purporting to settle the Litigation shall become null and void ab initio (except for this provision) and this Agreement shall have no bearing on, and shall not be admissible in connection with, any subsequent litigation for any purpose.

## VI.    CONSENT TO COURT-FACILITATED NOTICE.

A.    Claimants. For settlement purposes only, the Settling Parties agree that the Named Plaintiff and the "Class Members" (as defined below) are similarly situated for purposes of 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). "Class Members" are those individuals who consented to join this Lawsuit with the Named Plaintiffs as part of an "Opt In" process.

B.    Cooperation. The Settling Parties shall cooperate and present to the Court for its consideration in connection with the approval of the Agreement and Court-facilitated notice such information as may be reasonably requested by the Court for approving settlements and/or facilitated notice.

## VII.    GRAEBEL DEFENDANTS' PAYMENT OBLIGATIONS.

A.    Gross Fund. In consideration for the dismissal with prejudice of the Litigation as well as the release of claims effected by this Agreement and other good and valuable consideration, the Graebel Defendants shall pay a maximum of TWO MILLION, SIX HUNDRED AND FIFTY THOUSAND DOLLARS ($2,650,000.00) (the "Gross Fund") to settle the Litigation. The Gross Fund is inclusive of payment for: (1) ONE MILLION FOUR HUNDRED AND NINETY TWO THOUSAND TWO HUNDRED NINETY FOUR DOLLARS AND SIXTY SIX CENTS ($1,492,294.66) to be paid to all Class Members, or their respective authorized legal representatives as the Net Settlement Fund to be paid to Plaintiffs, or their respective authorized legal representatives; (2) Attorney Fee and Expense Award in the amount of $576,880.08 shall be paid to Feldman & Feldman, P.C., and an Attorney Fee and Expense Award in the amount of $580,825.26 shall be paid to Fogler, Brar, Ford, O'Neil, & Gray LLP as Attorneys' Fees and all Litigation Costs; and   Payment of such Attorney Fee and Expense Awards to Plaintiffs' Counsel shall be made in accordance with this Agreement and shall constitute full satisfaction of any and all obligations by the Graebel Defendants to pay any person, attorney or law firm for attorneys' fees, expenses or costs incurred on behalf of the Named Plaintiffs and any Opt-In Plaintiffs. The Settlement Claims Administrator shall report the payment of these fees, expenses and costs to Plaintiffs' Counsel on an IRS Form 1099. The Settlement Claims Administrator shall pay Plaintiffs' Counsel's Attorneys' Fees and Litigation Costs approved and ordered by the Court by wire transfer within five (5) days of its receipt of the Gross Settlement Sum. All undistributed, unclaimed and/or unpaid amounts as described below in this Agreement after completion of the settlement process shall revert back to the Graebel Defendants, unless otherwise indicated.

B.    **Timing of Payment.**    Within sixty (60) days after the Effective Date, the Graebel Defendants shall pay the full amount of the Gross Fund by wire transfer to a Qualified Settlement Fund ("QSF") established by the Settlement Claims Administrator. Once the full amount of the Gross Fund is remitted by the Graebel Defendants to the QSF, the Graebel Defendants shall not be liable or held responsible for any delays, errors, or related claims arising out of or relating to the distribution of the Gross Funds.

C.    Settlement Claims Administration

1.    **Settlement Claims Administrator Responsibilities.**    The Settlement Claims Administrator shall be responsible for: (a) determining and finalizing the calculations of the Individual Settlement Payments (as defined below) for the Named Plaintiff and Opt-In Class Member Plaintiffs, as applicable (including with respect to the estimated settlement awards for purposes of the Notice and the final settlement amounts for purpose of issuing the Individual Settlement Payments); (b) preparing, printing and disseminating to the Named Plaintiff and Opt-In Plaintiffs the Notice Packet and return envelope and the reminder notice in a final form and format approved by Counsel for the Graebel Defendants and Plaintiffs; (c) copying counsel for all Settling Parties on material correspondence and promptly notifying all counsel for the Settling Parties of any material requests or communications made by any Settling Party or Opt-In Plaintiff who receives Notice; (d) determining the final Settlement Payment for each Class Member in accordance with this Agreement; (e) mailing the settlement checks to Class Members; (f) wiring Plaintiffs' Counsel's attorneys' fees, expenses, and costs in accordance with this Agreement and Order of the Court; (g) issuing 1099 Forms for all amounts paid to Class Members; (h) ascertaining current address and addressee information for each Notice Packet returned as undeliverable; (i) responding to inquiries of the Named Plaintiffs and Opt-In Class Member Plaintiffs regarding the terms of settlement and procedures; (j) referring to Plaintiffs' Counsel all inquiries by the Named Plaintiffs and Opt-In Plaintiffs the Settlement Claims Administrator cannot resolve and/or which involve matters not within the Settlement Claim Administrator's duties specified herein; (k) responding to inquiries of Plaintiffs' or the Graebel Defendants' Counsel; (l) promptly apprising counsel for the Settling Parties of the activities of the Settlement Claims Administrator; (m) maintaining adequate records of its activities, including the date of the mailing of the Notice Packets, returned mail and other communications and attempted written or electronic communications with the Named Plaintiffs and Opt-In Plaintiffs; (n) confirming in writing to Plaintiffs' and the Graebel Defendants' Counsel and the Court its completion of the administration of the settlement and retaining copies of all endorsed settlement checks; (o) timely responding to communications from the Settling Parties or their counsel; and (p) such other tasks as customarily and regularly performed by a settlement administrator and as the Settling Parties mutually agree.

2.      Settlement Fund Fees and Expenses.   All fees, expenses, and costs of the Settlement Claims Administrator related directly or indirectly to its duties under this Agreement, including but not limited to all fees, expenses, and costs in connection with the Gross Fund and Settlement Fund, and those duties related to notice, check cutting and mailing, claims processing, reports to counsel, calculating the estimated settlement payments and final settlement payment amounts, and any other related duties (hereinafter collectively referred to as the "Settlement Administration Costs") shall be paid by the Graebel Defendants and are separate from, and in addition to, the Graebel Defendants' obligation to pay the Total Settlement Payout.

4.      Reporting by Settlement Claims Administrator.   Throughout the period of claims administration, the Settlement Claims Administrator will provide such reports to the Settling Parties upon request by either Settling Party, regarding the status of the mailing of the Notice Packets to Named Plaintiffs or Opt-In Plaintiffs, the claims administration process and distribution of the Settlement Checks or any other aspect of the claims administration process.

D.      Creation and Implementation of a Qualified Settlement Fund

1.      Establishing the Qualified Settlement Fund.   The Gross Fund will be deposited in an account titled the Graebel Drivers Settlement Fund (the "Settlement Fund"), intended by the Settling Parties to be a "Qualified Settlement Fund" as described in Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. Section 1.468B-1, et seq.  The Settlement Fund shall be established as a Qualified Settlement Fund within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, the Treas. Reg. Section 1.468B-1, et seq., and shall be administered by the Settlement Claims Administrator, subject to the ultimate authority of the Court.

2.      Administering the Settlement Fund.   The Settlement Claims Administrator shall serve as Trustee of the Settlement Fund and shall act as a fiduciary with respect to the handling, management, and distribution of the Settlement Fund, including the handling of tax-related issues and payments.  The Settlement Claims Administrator shall act in a manner necessary to qualify the Settlement Fund as a Qualified Settlement Fund and to maintain that qualification. The Settling Parties shall cooperate to ensure such treatment and shall not take a position in any filing or before any tax authority inconsistent with such treatment.  The Settling Parties agree to any relation-back election required to treat the Settlement Fund as a Qualified Settlement Fund from the earliest possible date.

3.      Tax Withholding and Reporting.

a.      Taxes.  The Settling Parties recognize that the payments to the Class Members shall not be subject to withholding and shall be reported to the IRS on Form 1099.

b.      Fund Taxes.  All taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, if any, including any taxes or tax detriments that may be imposed on the Graebel Defendants with respect to income earned for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal and state income tax purposes (hereinafter "Settlement Fund Taxes"), and expenses and costs incurred in connection with the operation and implementation of this paragraph (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) any returns described herein or otherwise required to be filed pursuant to applicable authorities) (hereinafter "Settlement Fund Tax Expenses") shall be paid out of the Settlement Fund.  Further, Settlement

Fund Taxes and Settlement Fund Tax Expenses shall be treated as a cost of the administration of the Settlement Fund. The Settling Parties agree to cooperate with the Settlement Claims Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions set forth in this Section.

4. Other Payments and Indemnification. The Settlement Claims Administrator shall satisfy from the Settlement Fund: all federal, state, local, and other reporting requirements (including any applicable reporting with respect to attorneys' fees and other costs subject to reporting) and any and all taxes, penalties, child-support arrearages and liens, domestic-support obligations, bankruptcy payments, and other obligations with respect to the payments or distributions not otherwise addressed in this Agreement. The Settlement Claims Administrator shall indemnify the Settling Parties for any penalty or interest arising out of an incorrect calculation or late deposit of the same.

5. Communication between the Settlement Claims Administrator and Counsel. The Graebel Defendants' Counsel and Plaintiffs' Counsel are authorized to communicate directly with the Settlement Claims Administrator to expedite the settlement administration process.

E. Allocation of the Settlement Fund

1. Net Settlement Fund. The "Net Settlement Fund" means the remainder of the Gross Fund after deductions for: (i) Attorneys' Fees and Litigation Costs awarded by the Court; and (ii) the Settlement Administration Costs.

2. Allocation of Net Settlement Fund. The Settlement Claims Administrator shall calculate the estimated individual settlement payment amounts for the Named Plaintiffs and the Opt-In Plaintiffs from the amount of the Net Settlement Fund pursuant to Section VIII herein.

3. Attorneys' Fees and Costs Amounts. The settlement is not conditioned upon the Court's approval of Plaintiffs' Counsel's petition for Attorneys' Fees and Litigation Costs in the stated amounts, and any amounts that are not approved for attorneys' fees, costs, and litigation expenses shall become part of the Net Settlement Fund. Payment of such approved attorneys' fees, expenses, and costs to Plaintiffs' Counsel shall be made in accordance with this Agreement and shall constitute full satisfaction of any and all obligations by the Graebel Defendants to pay any person, attorney or law firm for attorneys' fees, expenses or costs incurred on behalf of the Named Plaintiffs and any Opt-In Plaintiffs. The Settlement Claims Administrator shall report the payment of these fees, expenses and costs to Plaintiffs' Counsel on an IRS Form 1099. The Settlement Claims Administrator shall pay Plaintiffs' Counsel's Attorneys' Fees and Litigation Costs approved and ordered by the Court by wire transfer within five (5) days of its receipt of the Gross Settlement Sum.

F. Payments to Class Members

1. Timing of Payments. Within five (5) days of its receipt of the Gross Settlement Sum, the Settlement Claims Administrator will transmit the Individual Settlement Payments to the Class Members by first-class U.S. Mail to the last known address for each Class Member, or such other address provided by the Class Member to the Settlement Claims Administrator, in accordance with the withholding and reporting requirements set forth below.

2.      Taxes on the Individual Settlement Payments.   The Individual Settlement Payments attributed to the Named Plaintiff and Opt-In Plaintiffs shall be treated as non-wage income to the Class Members.  The Settlement Claims Administrator shall report the payments to the Internal Revenue Service ("IRS") on IRS Form 1099.

3.      Tax Advice.  Named Plaintiff acknowledges and agrees that she has not relied upon any advice from the Graebel Defendants or Plaintiff's Counsel as to the taxability of the payments received pursuant to this Agreement.

4.      Negotiation of Settlement Checks.  Class Members will have ninety (90) days after the date on the settlement checks (the "Check Issuance Date") in which to negotiate the checks. If any Class Member does not negotiate his or her settlement check within ninety (90) days after the Check Issuance Date, the check will be void and the gross amount of the Individual Settlement Payment shall revert to the Graebel Defendants.

G.      Payments Back to the Graebel Defendants

The Settling Parties agree that any funds remaining in the Qualified Settlement Fund one hundred twenty (120) days after the Check Issuance Date shall revert to the Graebel Defendants and must be returned to the Graebel Defendants by the Settlement Claims Administrator within one hundred thirty (130) days after the Check Issuance Date.

No Individual Settlement Payment is or shall be deemed to constitute an addition to, a modification of, or a change in any previously credited hours of service, compensation, and/or wages under any potential employee benefit plan or employment policy of any of the Defendants.  No Individual Settlement Payment shall form the basis for alleged additional contributions to, additional benefits under, or any other additional entitlements under any potential employee benefit plan or employment policy of any of the Defendants or any of their present or former parent corporations or affiliates or any jointly trusteed benefit plans.

## VIII.    **FORMULA FOR AND DISTRIBUTION OF SETTLEMENT PROCEEDS.**

1.1.    Pursuant to the procedure outline in this Settlement Agreement, each Plaintiff shall be provided a check in the amount provided in the attached Exhibits:

| Name | Exhibit |
|---|---|
| Garcia, Jose | 1 |
| Wilburn, Mark | 2 |
| Vazquez, Jose | 3 |
| Caballero, Jose | 4 |
| Fuentes, Americo | 5 |
| Martinez-Villarreal, Francisco | 6 |
| Mejia, Jose | 7 |
| Powell, Kenneth | 8 |
| Ramirez, Rosa | 9 |
| Santos, Alex | 10 |
| Santos, Dulce | 11 |
| Stephens, James | 12 |
| Dunning, Aaron | 13 |

| Foks, Albert | 14 |
| Strasser, Gabriel | 15 |
| Burt, Larry | 16 |
| Casady, Jeff | 17 |
| Debski, Wlodzimierz | 18 |
| Dennis, Albert | 19 |
| Diaz, Ivan | 20 |
| Diaz, Ramon | 21 |
| Earley, Melissa | 22 |
| Hooper, Randal | 23 |
| McKinney, General | 24 |
| Kee, Michael | 25 |
| Krapf, Ed | 26 |
| O'Donnell, Jordan | 27 |
| Rodriguez, Marselo | 28 |
| Painter, Chet | 29 |
| Shelton, William | 30 |
| Willin, Michael | 31 |
| Ayala, Claudia | 32 |
| Adams, John | 33 |
| Aviles, Julio | 34 |
| Brouzes, Philip | 35 |
| Catterson, Robert | 36 |
| Cochran, Ron Sr. | 37 |
| DeScetto, Salvatore | 38 |
| Feola, Michael | 39 |
| Fern, Albert | 40 |
| Gonzalez, Alfredo | 41 |
| Gonzalez, Arturo Angel | 42 |
| Gonzalez, Arturo Gabriel | 43 |
| Jimenez, Jaime | 44 |
| Little, Larry | 45 |
| Lumapas, Steven | 46 |
| McKinnis, Raymond | 47 |
| Messer, Edward | 48 |
| Nguyen, Duc | 49 |
| Noguera, Michael | 50 |
| Quevedo, Jose | 51 |
| Torres, Leo | 52 |
| Abraham, Omar | 53 |
| Adametz, Rick | 54 |
| Albus, Joseph Edward | 55 |
| Anderson, Darryl | 56 |
| Anderson, David | 57 |

| | |
|---|---|
| Argueta, Carlos | 58 |
| Athwal, Harbaksh | 59 |
| Bagley, Paul | 60 |
| Barclay, Justin | 61 |
| Barnett, Errol | 62 |
| Barrientes, Gilbert | 63 |
| Battle, Antonio | 64 |
| Betancourt, Daniel | 65 |
| Binder, Steven | 66 |
| Borntrager, Charles | 67 |
| Bourque, Brian | 68 |
| Brown, Billy | 69 |
| Cihlar, Aaron | 70 |
| Clausen, Jonathan | 71 |
| Clayburn, Sr., Kevin | 72 |
| Clayton, Ed Hunter | 73 |
| Cochran, Ronald Jr. | 74 |
| Cross, Larry | 75 |
| Cummins, Geoffrey | 76 |
| Dachiardi, Walter | 77 |
| Deleon, Elfego | 78 |
| Denicola, Jon | 79 |
| Dettmering, Lorin | 80 |
| Diaz, Javier | 81 |
| Diaz, John C. | 82 |
| Dornes, David | 83 |
| Dorr, Richard | 84 |
| Douglas, John | 85 |
| Eddy, Richard | 86 |
| Escobar, Ruben | 87 |
| Esparza, James | 88 |
| Evins, Russell | 89 |
| Falcon, Nasario | 90 |
| Ferreira, Gustavo | 91 |
| Ford, John | 92 |
| Furman, Grant | 93 |
| Garcia, Alejandro | 94 |
| Gibbs, William | 95 |
| Gomez, Jonathan | 96 |
| Gomez, Ramon | 97 |
| Gonzalez, Jorge | 98 |
| Grant, Jeffrey R. | 99 |
| Grant, Kevin | 100 |
| Green, Robert | 101 |

| | |
|---|---|
| Grier, Jaye | 102 |
| Guynup, Eric | 103 |
| Hauck, Sr., John | 104 |
| Henderson, Terry | 105 |
| Henry, Morris | 106 |
| Holley, Jr., Otis | 107 |
| Holtz, Paul | 108 |
| Hopster, Paul | 109 |
| Horton, Dale | 110 |
| Hunzinger, Mark | 111 |
| Jachnik, Czeslaw | 112 |
| Jenkins, Phillip | 113 |
| Johnson, Alan | 114 |
| Jones, Kevin | 115 |
| Kaale, Eugene M. | 116 |
| Kennan, John | 117 |
| Lodl, Thomas | 118 |
| LoPresti, Robert | 119 |
| Marszalek, Hubert | 120 |
| Martin, Jeffrey | 121 |
| Mattos, Oscar | 122 |
| May, Philip | 123 |
| McGaha, Terry | 124 |
| Miles, Sr., Robert | 125 |
| Mitoraj, Michael | 126 |
| Montoya, Richard | 127 |
| Montoya, Rigoberto | 128 |
| Morales, Michael | 129 |
| Murray, Daniel | 130 |
| Niculcea, Timotei | 131 |
| Oakes, Roger | 132 |
| Osman, Kasimlo | 133 |
| Othello, Lisa | 134 |
| Parks, Marvin | 135 |
| Picazo, Cornelio | 136 |
| Ramirez, Albert | 137 |
| Ramirez, Daniel | 138 |
| Ramirez, Jr., Ronnie | 139 |
| Reyes, David | 140 |
| Rocciola, Judd | 141 |
| Rocilez, Jose | 142 |
| Rocilez, Sylvia | 143 |
| Roldan, Fernando | 144 |
| Sanabria, Victor | 145 |

| Scott, Jason | 146 |
| Semmens, Daniel | 147 |
| Silvas, Ralph | 148 |
| Smith, Lionell | 149 |
| Stark, Kevin | 150 |
| Stevenson, Keith | 151 |
| Taylor, Edward | 152 |
| Thomsen, William | 153 |
| Townsend, Curtis | 154 |
| Van Buren, Darrell | 155 |
| Vetter, Eugene | 156 |
| Williams, Larry | 157 |
| Winfree, Keith | 158 |
| Ziehlke, Pete | 159 |

## IX.    **RESPONSIBILITY FOR TAXES AND INDEMNIFICATION.**

The Named Plaintiffs and Class Members shall be exclusively liable for any and all of their tax liability, if any, resulting from all Individual Settlement Amounts paid pursuant to this Stipulation. The Named Plaintiffs and Class Members should consult with their tax advisors concerning the tax consequences of any amounts they receive under the Stipulation. The amounts distributed to Class Members pursuant to this Stipulation will be reported as required to state and federal taxing authorities. Each Class Member will be responsible for paying all applicable state, local, and federal income taxes on all amounts received pursuant to this Stipulation. Class Members shall cooperate with Defendants and the Settlement Administrator and provide documentation as requested to demonstrate such payment should any taxing authority challenge the allocation of amounts distributed pursuant to this Stipulation. The settling parties understand and agree that the settling parties are neither providing tax or legal advice, nor making representations regarding tax obligations or consequences, if any, related to this Stipulation, and that Class Members will assume any such tax obligations or consequences that may arise from this Stipulation, and that Class Members shall not seek any indemnification from the settling parties or any of the Released Parties in this regard. The settling parties agree that, in the event any taxing body determines that additional taxes are due from any Class Member, such Class Member shall assume all responsibility for the payment of those taxes.

## X.    **REPRESENTATION BY COUNSEL.**

All of the Settling Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Agreement and that this Agreement has been executed with the consent and advice of counsel.

## XI.    NO ADMISSION OF LIABILITY.

The Graebel Defendants enter into this Agreement to avoid further expense and disruption to its business. The Settling Parties acknowledge and agree that liability for the actions that are the subject matter of this Agreement are denied and disputed by the Graebel Defendants. This Agreement and the settlement are a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Settling Parties to this Agreement. The Settling Parties further acknowledge and agree that this Agreement and the settlement shall not be used to suggest an admission of liability in any dispute the Settling Parties may have now or in the future with respect to any person or entity. Neither this Agreement nor anything herein, nor any part of the negotiations had in connection herewith, shall constitute evidence with respect to any issue or dispute other than for purposes of enforcing this Agreement.

## XII.    ATTORNEYS' FEES AND COSTS.

Except as provided in Section 4(E)(3), Named Plaintiffs, Class Members, and Class Counsel waive any right or entitlement to attorneys' fees as part of the settlement of the Lawsuit.

## XIII.    INADMISSIBILITY OF SETTLEMENT AGREEMENT.

Except for purposes of settling this Lawsuit and defending against future claims released by this Agreement, neither this Agreement, nor any of its terms, nor any document, statement, proceeding or conduct relating to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication, or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession, or damage.

## XIV.    SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE.

The Parties believe this Agreement is a fair, adequate, and reasonable settlement of the Lawsuit and have arrived at this Agreement through substantial, arm's-length negotiations, taking into account all relevant factors, present and potential. This Agreement was reached after extensive negotiations and exchange of information.

## XV.    AMENDMENT OR MODIFICATION.

This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

## XVI.    ENTIRE AGREEMENT.

This Agreement, including Exhibits, constitutes the entire agreement regarding the subject matter hereof, and no oral or written representations, warranties, or inducements have been made to any Named Plaintiff or Class Member concerning this Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in this Agreement. Defendants' obligations to Named Plaintiffs, Class Members, and/or their counsel are limited to those expressly set forth herein. Defendants shall not be responsible for – and no person participating in this settlement shall have any claim against any Defendant for liability

associated with – calculating the Individual Settlement Payments, for ensuring that Named Plaintiffs and Class Members receive the Individual Settlement Payments (other than providing a check to Class Counsel as provided herein), or for locating Class Members for purposes of providing any notice required by this Agreement.

## XVII. **AUTHORITY TO ENTER INTO SETTLEMENT AGREEMENT.**

The Parties and their counsel will cooperate with one another and use their best efforts to effect the implementation of this Agreement and to seek Court approval. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement or effectuate the Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Agreement, any party may seek the assistance of the Court to resolve such disagreement.

## XVIII. **APPLICABLE LAW.**

This Agreement shall be governed by and interpreted according to the laws of the State of Texas. Sole and exclusive venue for any dispute arising out of or related to this Agreement shall be in the federal and state courts in Harris County, Texas. If a party files suit for breach of one or more provisions of this Agreement and prevails, then that party shall be awarded its reasonable attorney's fees.

## XIX. **COUNTERPARTS.**

This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts upon request. A signature transmitted by fax or PDF shall have the same effect as an original ink signature.

## XX. **INTERPRETATION.**

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the Agreement.

## XXI. **NOTICES.**

All notices, requests, demands and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered personally or mailed, postage prepaid, by first-class mail to the undersigned persons at their respective addresses as set forth herein:

Counsel for Plaintiffs:

    Robert H. Ford
    rford@fbfog.com
    Fogler, Brar, Ford, O'Neil & Gray, LLP
    2 Houston Center
    909 Fannin, Suite 1640
    Houston, Texas 77010
    713-481-1010 (Main)

Counsel for the Graebel Defendants:

    Jeffrey Ranen
    Email: jeffrey.ranen@lewisbrisbois.com
    Lewis Brisbois Bisgaard & Smith LLP
    633 West 5th Street, Suite 4000
    Los Angeles, California 90071
    Telephone: (213) 250-1800

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as follows:

**Graebel Defendants:**

_____       _____
Vasilia a/k/a "Vauna" Peterson         Date

_____       _____
Robert Peterson                Date

_____       _____
Ormando Gomez                Date

**All My Sons Moving of Denton County, Inc.**

By:  _____       _____
                                  Date

Title:  _____

///

///

///

///

///

///

4842-3443-2157.1                 18

Counsel for Plaintiffs:

Robert H. Ford
rford@fbfog.com
Fogler, Brar, Ford, O'Neil & Gray, LLP
2 Houston Center
909 Fannin, Suite 1640
Houston, Texas 77010
713-481-1010 (Main)

Counsel for the Graebel Defendants:

Jeffrey Ranen
Email: jeffrey.ranen@lewisbrisbois.com
Lewis Brisbois Bisgaard & Smith LLP
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: (213) 250-1800

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as follows:

**Graebel Defendants:**

_____          _____
Vasilia a/k/a "Vauna" Peterson            Date

_____          _____
Robert Peterson                                    Date

_____          _____
Ormando Gomez                                    Date

**All My Sons Moving of Denton County, Inc.**

By:    _____       _____
                                                              Date

Title:  _____

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4842-3443-2157.1                                        18

Counsel for Plaintiffs:

Robert H. Ford
rford@fbfog.com
Fogler, Brar, Ford, O'Neil & Gray, LLP
2 Houston Center
909 Fannin, Suite 1640
Houston, Texas 77010
713-481-1010 (Main)

Counsel for the Graebel Defendants:

Jeffrey Ranen
Email: jeffrey.ranen@lewisbrisbois.com
Lewis Brisbois Bisgaard & Smith LLP
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: (213) 250-1800

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as follows:

**Graebel Defendants:**

_____          _____
Vasilia a/k/a "Vauna" Peterson                          Date

_____          _____
Robert Peterson                                                  Date

_____          _____
Ormando Gomez                                               Date

**All My Sons Moving of Denton County, Inc.**

By: _____          8/13/2019
                                                                   Date

Title: President

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4842-3443-2157.1                                      18

Graebel Van Lines Holdings, LLC d/b/a Graebel Moving Services, Graebel Van Lines, LLC, Graebel/Houston Movers, LLC, Graebel Moving and Warehouse Corp., Graebel Moving and Warehouse, LLC, Graebel/Illinois Movers, LLC, Graebel/Los Angeles Movers, LLC, Graebel/North Carolina Movers, LLC, Graebel/St. Louis Movers, LLC, Graebel/Atlanta Movers, LLC, Graebel/Austin Movers, LLC, Graebel/Cincinnati Movers, LLC, Graebel/Colorado Springs Movers, LLC, Graebel/Connecticut Movers, LLC, Graebel/Dallas Movers, LLC, Graebel/Denver Movers, LLC, Graebel/Eastern Acquisition Movers, LLC, Graebel/Erickson Movers, LLC, Graebel/Kansas City Movers, LLC, Graebel/Lightning Movers, LLC, Graebel/Mid-Atlantic Movers, LLC, Graebel/Minnesota Movers, LLC, Graebel Moving and Storage, LLC, Graebel/Nevada Movers, LLC, Graebel/New England Movers, LLC, Graebel/Northeastern Acquisition Movers, LLC, Graebel of Texas, LLC, Graebel/Oklahoma Movers, LLC, Graebel/Oregon Movers, LLC, Graebel/Orlando Movers, LLC, Graebel/Pittsburgh Movers, Inc., Graebel/Quality Movers, LLC, Graebel/San Antonio Movers, LLC, Graebel/South Carolina Movers, LLC, Graebel/South Florida Movers, LLC, Graebel/Tampa Bay Movers, LLC, Graebel/Tennessee Movers, LLC, GMS Operating, LLC, GVL Fleet Solutions, LLC

By: _____            Date 8-14-19

Title: C. C. O MANAGER